Good morning. Please be seated, ladies and gentlemen. This morning we have six matters to consider, only two of which will be argued orally. At this time we're going to submit the following cases. United States v. Montes Vargas, Cooper v. Haase, Castaneda-Amonskita v. Whitaker, and Nebel v. Warfield. So those matters are now submitted. We now have our first matter for argument, which is United States v. Orona. Please proceed, counsel. Thank you, Your Honor. Good morning. My name is Crystal Lanham and I represent the United States. I'd like to reserve three minutes for rebuttal. I'll try to watch. We'll try to help you. There's no question in this case that the district court used an incorrect standard when it required that a Supreme Court case expressly overrule this court's precedent. That's not the standard, as both parties acknowledge. The correct standard is that a case is implicitly overruled when its theory or reasoning is clearly irreconcilable with the reasoning or theory of intervening higher even when it's an end bank. You're asking a three-judge panel to say that an end bank decision by 11 of our brethren has been expressly overruled? That's correct, Your Honor. Miller and the cases after Miller make no distinction between an end bank case and a three-judge panel case that is overruled by intervening Supreme Court authority. If the conclusion in that... Well, overruled, but now you're arguing clearly irreconcilable. That's different, is it not? It is different. It's implicitly overruled as opposed to expressly overruled. So how can a Supreme Court case implicitly overrule a decision when it reserves the issue? For many reasons, Your Honor. First of all, there are other cases in this court that have done that exact same thing. I would point to Williams v. Yamaha Motor Company where there was a reservation and the court looked past that reservation in the Supreme Court precedent to examine whether the theory or reasoning was clearly irreconcilable with the theory or reasoning of the Ninth Circuit case that it had implicitly overruled. The court, despite the express reservation in the Supreme Court's opinion in that case, not in Williams, but in the case that it was actually considering, held that because it had overruled, it had undermined the reasoning in prior Ninth Circuit authority despite the express reservation. It had implicitly overruled the case. What do we do with the First Circuit? The First Circuit, first of all, ruled on rule of lenity, and that's not applicable in this case. First of all, Arona has never argued that the rule of lenity applies. Second... Well, but the First Circuit, after the Supreme Court case, says, no, we're gonna stick with our prior case law. I guess we'd have to determine that they were just absolutely dead wrong, wouldn't we? You don't need to determine that they're absolutely dead wrong, because the First Circuit's prior case was much more clearly based on the against-the-person-of-another language that was not... It was certainly a part of Fernandez-Ruiz, but Fernandez-Ruiz focused on the use definition. Apart from that, though... Well, let me ask you the question differently. If this were the First Circuit and you were arguing this case today, you would be saying to the Supreme Court, would you have been overruled, implicitly overruled, by the Supreme Court decision? I would, and the First Circuit did get it wrong in relying on the rule of lenity, because Voisin held that the rule of lenity was inapplicable. That's buttressed in the Ninth Circuit, because Fernandez-Ruiz held that it didn't have to look at the statutory interpretation, and the Fernandez-Ruiz dissent held even more clearly that the rule of lenity does not apply. The Ninth Circuit has then now applied Fernandez-Ruiz in a variety of different situations, including the exact provision that the Supreme Court was considering in Voisin when it expressly overruled the Ninth Circuit case that was based on Fernandez-Ruiz, about which I filed a 28-J letter last week. Well, except we haven't applied the Supreme Court's decision, Vison. I don't know how to pronounce it. I say it Voisin. Good, I'll use your pronunciation, Voisin. We haven't applied it to this statute, have we? You have not applied it to that statute. So our application to it in other areas doesn't mean that we've abandoned our prior case law, does it? You have not yet abandoned your prior case law. Okay, so that's why I'm not sure that citing other Ninth Circuit decisions helps us at all. I'm citing pre-Fernandez-Ruiz Ninth Circuit decisions and decisions based on Fernandez-Ruiz in other contexts to suggest that the context, this court has applied the Fernandez-Ruiz reasoning in a variety of different contexts, including where against the person of another is not even included in the provision. So I'm suggesting that because the Ninth Circuit has looked at this language in Fernandez-Ruiz and applied it in a variety of different contexts, that it is applicable in a variety of different contexts and that Voisin is applicable in a variety of different contexts. I would note also that several other circuits have gone this way. The First Circuit is the outlier. The great majority of circuit courts who have considered this issue have gone with the same argument that the government is making in this case, which is that Voisin is applicable to other statutory provisions beyond the MCDV provision that the Supreme Court was actually considering in Voisin. And that's because the language that the Supreme Court was construing in Voisin, the MCDV provision, is so very similar to the language that this court construed in Fernandez-Ruiz. The MCDV provision even includes a victim. If you look at the statutory definition of the MCDV provision, it requires a victim. And it's impossible to imagine how you can use force and have a victim without having used force against the victim. Let me ask you a question about Arizona recklessness. Yes. A topic I once knew something about and no longer do. But I think it includes being unaware of a risk solely by reason of intoxication. It does. Would that kind of conduct fit within Voisin? Yes. Because Voisin says reckless conduct fits within it, but it defines recklessness as involving, it at least assumes recklessness involves some sort of mens rea. The recklessness that was defined, that was interpreted in Voisin, and is the same reckless definition that is included in the Arizona statutes, matches, and it hasn't been argued otherwise, it matches the federal definition. And even in... Does the federal definition include intoxication? So intoxication is not a specific defense in federal law to anything except an intentional crime. The answer is no. I don't think that that's right, Your Honor. Yes. It's perhaps a maybe. Because intoxication is not a specific defense to anything except an intentional crime, somebody could still be reckless and intoxicated under federal law. And it wouldn't be a defense to recklessness. We didn't cite those cases in our brief because there was no question that Arizona recklessness matches the generic definition of recklessness. I have that question. I guess I'm asking that question. Maybe the other side didn't raise it, but I am. It matches the generic definition of recklessness. I cited a case that did state what the generic definition of recklessness is. Let me ask the question that Judge Hawkins, I think, tried to get you to of a risk. Are you acting reckless under federal law? I believe the answer is yes. One other question for you in this. The Sixth Circuit case is pending on cert? The Sixth Circuit case in Davis, yes. Why doesn't the government just agree to cert? We think that the Sixth Circuit got it right. Well, but there's a circuit split. I mean, what you're basically saying to us is that there's still a circuit split because we have this old case law we haven't overruled, and the Sixth Circuit case is up there. The United States, all the United States has to say to the Supreme Court is take it and let's resolve this issue, and you're battling out us overruling our in banks. I'm not sure why we should do that. Well, in this case, it meets the standard for overruling your in-bank precedent. In-bank precedent is implicitly overruled when a conclusion, any precedent, is implicitly overruled when a conclusion in that precedent is no longer supported for the reasons stated in that precedent. And there are two major conclusions in Fernandez-Ruiz that are no longer supported for the reasons stated in Fernandez-Ruiz. Let me, at the risk of being a smart guy, you're from the local U.S. Attorney's Office? I am. You're not from the Department of Justice except by relationship to main justice, correct? That's correct, Your Honor. Do you have the authority or knowledge to answer the question that Judge Hurwitz asked you about agreeing to cert? I certainly am not involved in the agreeing to cert process, Your Honor. I knew you personally didn't. I was hoping you might communicate it to the Solicitor General's Office. It might be a better taken recommendation to the Solicitor General's Office in a case where we didn't win, Your Honor, thinking about the First Circuit there. But focusing on two... Well, we could set that up for you. Focusing. I'd prefer that you not. Focusing on two conclusions that were reached in Fernandez-Ruiz that are no longer supported for the reasons stated there. I'm quoting, the bedrock principle of lea cal is that to constitute a federal crime of violence, an offense must involve the intentional use of force against the person or property of another. Voisin expressly holds that lea cal did not go that far. Lea cal reserved the question. It didn't even go as far as recklessness. Voisin went as far as recklessness and lea cal certainly did not go as far as intentionality. So for this court to have said the bedrock principle of lea cal is to constitute a federal crime of violence and an offense must involve the intentional use of force is simply not supported after voisin. The second thing, and I'm quoting again from Fernandez-Ruiz here, the reckless use of force is accidental and crimes of recklessness cannot be crimes of violence. I want to quote now from voisin which stated that the harm caused by reckless behavior is the result of a deliberate decision to endanger another and therefore no more an accident than if the substantial risk of harm were practically certain. Voisin held the So trying to salvage Fernandez-Ruiz by looking at an express reservation or looking sort of behind it, you have to look at the theory and reasoning of voisin and the theory and reasoning of Fernandez-Ruiz and Fernandez-Ruiz was implicitly overruled because it's no longer supported for the reasons stated in that case. You wanted to reserve three minutes. You've got 347. You want to hold the whole thing or you want to tell us something for 45 seconds? I will hold the whole thing, Your Honor. Thank you. Very well. Let's hear from counsel for Mr. O'Sull. Good morning, Your Honors. May it please the Court. My name is Keith Hilsendegger. I'm with the Federal Public Defender's Office and I represent the petitioner Celso Arona. I guess I'd like to start with the premise of the first question that Judge Hurwitz asked my friend, which is, you know, voisin cannot be applied to the force clause of the Armed Career Criminal Act because voisin said that there might not be good reasons to apply it to the force clause. Well, I take it your point is not that it cannot be applied. Your argument is that it not necessarily be applied, right? I got to tell you, if you were here and we had no precedent on this issue, you'd be in a much bigger hole, I think. I agree with you, Your Honor. If there were no precedent on this issue that this panel was bound to follow, I would be in a much bigger hole because there are parallels between what the court and voisin said about the similar language in the misdemeanor crimes and domestic violence and what the Supreme Court has already and what this court has already said about the force clause of the Armed Career Criminal Act. The problem is the Supreme Court has been abundantly clear for a decade or more that these two provisions, even though they use very similar language, have to be interpreted in light of their different purposes and on the embanked panel. I did notice that, Your Honor. And the opinion refers to, at that time, this is an 06 opinion, that circuits were going, other circuits were leaning the same way as the ninth was, correct? I think that's right, yes. That situation has changed, hasn't it? That situation... In light of voisin? Well, yes, but there are... A number of other circuits have said that voisin applies in an instance like this? Yes, other circuits have said that voisin applies. Including the DC Circuit? Including the DC Circuit, yes. And cert was denied on that? The Supreme Court denied cert in the DC Circuit case, yes. But the fact remains, Your Honor, that this court's precedent is not clearly irreconcilable with voisin because the reasoning of voisin makes room for the fact that there might be different arguments, and the Supreme Court basically said, we want to settle this question for ourselves, and that means, under this court's rules of precedent, that because there's already circuit law on this issue, it's not implicitly irreconcilable. Did they say they wanted to settle it for themselves, or did they just say, we're not reaching it today? I don't... That's really quite different. I mean, the Supreme Court can reserve to itself, I suppose, any decision it wants to, but all I read voisin is saying is, we're just not reaching that issue today. We may reach it another day. Other courts may reach it in the meantime. We're just not reaching it. Can you read any more into that footnote than that? I think that's all I need to read into that footnote, though, Your Honor, because... Well, your friend says they've done that before, and we've found cases clearly irreconcilable before. With all due respect, I'm sorry, I disagree with my friend because the the reasons why the Supreme Court said there may be different interpretations are exactly why this court should say that its own precedent has not been implicitly overruled. The fact that there is a different purpose and context for, on the one hand, saying that certain people can't be allowed to possess a that a different category of predicate crimes qualify for a sentence enhancement in those same kind of prohibitive possessor cases has been, the Supreme Court has said, enough of a reason to say that the provision in Section 921 should be interpreted differently than the language in Section 924. What's at the heart of Fernandez-Ruiz? I'm sorry, Your Honor? What is at the heart of holding in one simple sentence? What would it be? Reckless crimes cannot qualify as the use of force under the Force Clause because they do not amount to the intentional use of force, which is what the Force Clause requires. And what's at the heart of Voisin? The heart of Voisin is reckless crimes can constitute the misdemeanor enhancement or a misdemeanor prohibition because the use of force that Congress was concerned about there is more analogous to common law battery and different from the kind of use of force in the felony provision. So can constitute or cannot constitute with reckless before it. That's really at the heart of the two cases, isn't it? That's the heart of the distinction between the two cases, yes, Your Honor. And you asked us to look beyond constitute. I guess that's yes, that's what I said. Putting aside for a moment what other circuits have done, what is the best argument that could be made that Voisin is so irreconcilable with the What is the best argument? The best argument, and I'm, you know, so I'm, I guess what you're asking me to do is paraphrase my opponent's argument. You could say the one you just heard from my friend. Which is what I was about to do. Which is that, you know, the argument in favor of saying that Voisin is overruled Fernandez-Rees is that the word use must mean the same thing in both provisions, but that ignores the markedly different context in which these words, the same word is being used. But is your argument based on the language of the two statutes? Or is it based on some other context? Well, the language is not being used in a vacuum. It's used in the context of the question. No, that's why I'm asking, so separate. Is it based on the language? It is based on the language. The plain language. The plain language. As we sometimes say when it's not plain. The plain language is used in the context of, on the one hand. Okay, but do the statutes have similar language? Yes, they do. You can't look at the language and make a distinction, can you? Just if you knew nothing about the context. If somebody held up the two statutes next to each other and said you know nothing else, you wouldn't be able to make a distinction based on the language, would you? They both use the word use, so no. Okay, so your argument has to be that we should look to legislative history, purpose, what? My argument is that the purpose and context is the second interpretive tool that the Supreme Court has brought to bear in these contexts where the plain language might be distinguishable. And the Supreme Court has said for over a decade that the purpose and context of this provision, the felony provision, has to take into account that there's a narrower range of predicate crimes that trigger this enhanced punishment. And that's the reason why this court should at least say, this panel should at least say that Fernandez-Ruiz survives until, at the very least, an embanked panel of this court has said that it doesn't. Should we ask an embanked panel to take this up? We do have the ability as a panel to, in effect, call a case and bank on the three of us. As much as I would prefer to win in front of this panel, I also think that it's apparent from the arguments that both sides have presented in this case that that may not be an imprudent thing to do. But the government has not asked this court for initial embanked hearing.  And we are here today in front of a three-judge panel, so I suppose as part of this court's deliberative process, it could say we're going to vacate submission and then just call an embanked proceeding in the way that it does. Let me ask you a question that I surprised your friend with, so I suspect it's a surprise for you too. Is there, the definition of Arizona recklessness, is it different than the generic definition of federal recklessness? Yes, because of the intoxication provision. That's what the court in Fernandez-Ruiz relied on, partly, to say that this reckless, this particular predicate crime did not qualify. Okay, but now let's get to Visonas. Voisin. Voisin. Those French. To Voisin, does Voisin turn at all on whether or not there's a mens rea, a particular mens rea involved? I think it does, Your Honor. And it turns on the distinction between purposeful and accidental conduct, and which. So is intoxicated conduct? Purposeful? No. Well, is it accidental? Because the Supreme Court seems to view the dividing line as accidental, I think. Right. If you assaulted somebody when you were drunk, that wouldn't be accidental conduct, would it? I suppose not, but it wouldn't be the kind of intentional conduct that should qualify for a felony sentencing enhancement either. And I think that's the distinction between, on the one hand, saying people convicted of that crime might should be prohibited from possessing a firearm at all, and on the other hand, saying, but when those people do possess firearms and are convicted of that criminal offense, should not be subject to enhanced punishment if they have a certain number of prior convictions for that offense. So getting back to part of my earlier question, or rather an adjunct to that, do you believe that the three-judge panel here has in Boisille a strong enough logic, reasoning that it overpowers Fernandez-Ruiz in and of itself, and that we wouldn't need, under any circumstances, to ask an en banc panel to get involved? No, I don't believe that. I believe that because of the reasons for the reservation in footnote four of Boisille, at a minimum, this court should convene an en banc panel to say that Fernandez-Ruiz is overruled. Only an en banc panel can say, going back to Judge Hawkins' first question, only an en banc panel can say that an en banc decision of this court is overruled. And Gamme versus Miller makes it pretty clear that in order for us as a three-judge panel to overrule certainly an en banc panel, the reasoning of Wazin or the ruling of Wazin must be so clearly irreconcilable that basically there's no two ways to consider it. Is that a fair statement? Yes, it is, Your Honor. And because there are two ways to look at it, there is a circuit split on this issue. I don't think that this three-judge panel can say that it's clear that Wazin and Fernandez-Ruiz are irreconcilable. And if the panel has no further questions, I will ask the panel to affirm the grant of post-conviction relief. Other questions by my colleagues? No. Thank you very much, counsel. So the government has some rebuttal time. There are four points that I would like to address in rebuttal that the panel was talking about with my friend. First of all, the state and the law, the state of the law and other circuits. I want to be very clear on this. This court was not alone in interpreting Leocal incorrectly. But now that Wazin has come out, five other circuits have held that Wazin's logic applies in different statutory provisions. But counsel, back to what I asked your friend, do you believe, does the government believe that the logic and holding of Wazin is so clear that we, as a three-judge panel, have no choice but to declare that Fernandez-Ruiz is no longer good law? Yes. And what's your best argument for that? I know you've been talking a lot about it, but what's your best argument? My best argument for that is that Fernandez-Ruiz was based on Leocal. It made its entire holdings in light of Leocal. And Wazin reinterpreted Leocal and held in its very clear reasoning that this court's interpretation of Leocal was wrong. The two cases are irreconcilable. There's no way around it. I'll abandon the circuit split for a second and get to another point, which is that this court had previously construed the Arizona recklessness provision in Trinidad Aquino, the Supreme Court, and held that recklessness counts, that the specific species of recklessness that was in this exact same statute counts. Was that an against-the-person case? It was an against-the-person case in Cerrone-Sanchez. It was interpreting Section 16, which is the same provision that the court was interpreting in Fernandez-Ruiz. Trinidad Aquino then looked at recklessness versus negligence and held that, again, it upheld the Cerrone-Sanchez rule that Arizona recklessness counts. Leocal then cited Trinidad Aquino as part of this volitional versus accident. It cited it approvingly. And then the Ninth Circuit held in Fernandez-Ruiz that somehow the Supreme Court had implicitly over, or not implicitly overruled because it was a non-bond court, but had overruled the standard that the Supreme Court once again used in Voisin in holding that the volitional versus accidental question is the true question here, not recklessness versus accident. Other courts, though, have also held, exactly as we are asking this court to, that their prior precedent was overruled. Three judge panels have held that their prior precedent was overruled. That was in the Fifth Circuit, in the Sixth Circuit, and in the Tenth Circuit. The Tenth Circuit uses a standard very similar to this court's standard in asking whether a Supreme Court decision is contrary to or invalidates our previous analysis. And the Tenth Circuit held that Voisin did that as to its previous analysis. So, no, the court doesn't need to go en banc here. Very clearly, I don't have the authority to ask the court to go en banc, and I would need to get the same kind of proof as previous. I understand. Or ask the Solicitor General to agree to cert. But I would also note that the Third Circuit did, sua sponte, go en banc in a case presenting this question. And that case is pending before the Third Circuit right now, with arguments scheduled for May 5th. So, this has been settled in five circuits, and three and two other circuits are now considering the question. Do you know what the Third Circuit standard is for a panel overruling? I don't know, Your Honor. I'm sorry. Thank you very much, counsel, for your argument. Do my colleagues have any additional questions? We would ask that you reverse. Thank you very much. Thanks to both counsel for your arguments, both very helpful. The case just argued is submitted.
judges: Hawkins, M. Smith, Hurwitz